IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**WAYNE L. BARBER,**         CV 04-710-BR

    **Plaintiff,**         OPINION AND ORDER

v.

**JOANNE B. BARNHART, Commissioner,**
**Social Security Administration**

    **Defendant.**


**DAVID W. HITTLE**
Swanson, Lathen, Alexander & McCann
Suite 1000
388 State Street
Salem, OR  97301
(503) 581-2421

    Attorneys for Plaintiff

**KAREN J. IMMERGUT**
United States Attorney
**CRAIG J. CASEY**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204-2902
(503) 727-1024


1 - OPINION AND ORDER

**LUCILLE G. MEIS**
Office of the General Counsel
**DAVID M. BLUME**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA  98104-2156
(206) 615-2212

　　　　Attorneys for Defendant

**BROWN, Judge.**

　　This matter comes before the Court on Plaintiff Wayne Barber's Application for Fees and Expenses Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, *et seq*. (#17) and Bill of Costs (#16).


## PROCEDURAL HISTORY

　　Barber brought this action for judicial review of the Commissioner's final decision denying his applications for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act, 42 U.S.C. §§ 401-433 and 1381-1383f.  This Court reversed the Commissioner's decision and remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  On April 11, 2005, the Court entered a Judgment of Remand.

　　On April 27, 2005, Barber filed an Application for Attorney

Fees and Costs seeking an award of attorneys' fees in the amount of $4,338.80, including $4,188.80 for 27.2 hours of legal services and $150.00 for costs and expenses. The Commissioner does not have any objection to Barber's requested fees and costs.

## **STANDARDS**

Under the EAJA, a party that prevails against the United States in a civil action is entitled to attorneys' fees, court costs, and other expenses unless the Court finds the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). *See also Comm'r, INS v. Jean*, 496 U.S. 154, 158 (1990). The government has the burden of proving its position was substantially justified. *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

If the government fails to meet its burden, the prevailing party is eligible for an award of reasonable attorneys' fees. *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998). This threshold eligibility, however, does not automatically result in an award. *Id. See also Comm'r, INS v. Jean*, 496 U.S. at 160-61. The court must also determine the award is reasonable considering "the relationship between the amount of the fee

3 - OPINION AND ORDER

awarded and the results obtained." *Atkins v. Apfel,* 154 F.3d at 988 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

## DISCUSSION

The Commissioner does not argue the hourly rate used in Barber's Application is unreasonable.[1] The Commissioner also does not dispute Barber is a prevailing party and does not assert the government's position was substantially justified. Accordingly, the Court finds Barber has established the threshold eligibility for a fee award.

The Court finds the total hours expended by Barber's attorney on his behalf is reasonable and within the normal range encountered in Social Security disability cases. *See Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000)(survey of Social Security disability cases suggests a benchmark or average range of 20-40 hours).

## CONCLUSION

For these reasons, the Court **GRANTS** Barber's Application for

---

[1] The EAJA has limited the maximum hourly rate to $125 adjusted for cost-of-living increases from the time that rate was established in 1996. 28 U.S.C. § 2412(d)(2)(A). *See also Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991)(explains the formula for adjusting statutory rate for increases in the Consumer Price Index). As noted, the Commissioner does not challenge Barber's calculation of the current maximum hourly rate.

Fees and Expenses (#17) and Bill of Costs (#16) in the total amount of $4,338.80.

IT IS SO ORDERED.

DATED this 18th day of May, 2005.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

Barber CV 04-710 Fees.05-17-05.wpd

5 - OPINION AND ORDER